# Tribble *v.* Patton.

*Bill to Declare a Decree Null and Void.*

(Decided January 16, 1913.  60 South. 863.)

1. *Judgment; Bill of Review; Nature.*—A bill to set aside a decree in a suit to quiet title, and to enjoin respondent from interfering with complainant's title, on the ground of fraud in procuring the judgment, is not strictly a bill of review.

2. *Same; Equitable Relief; Fraud.*—The fact that a complainant in a bill to quiet title did not allege that there was no suit pending to test the validity of the title was not a fraud upon the court before whom the bill was pending, such as to authorize equitable relief against the decree for complainant in that suit.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by George Tribble against Burns Patton. From a judgment sustaining a demurrer to the bill, complainant appeals. Affirmed.

The bill alleges, in substance, that complainant bought a certain piece of land from respondent, receiving from respondent a warranty deed therefor; that after he received the deed he discovered that there was error in the description, and upon the consideration of $1, respondent executed to him a warranty deed correcting the mistake; that the property purchased was a vacant lot, and there was no active posession thereof by himself or Patton; and that complainant's possesion was never disputed until June 29, 1909, when Patton filed a bill to quiet title against orator. Complainant then alleges, after setting out said bill, that he had never alienated or otherwise conveyed the property to any person, and that Patton was not in any sort of possession, peaceable or otherwise, of such property. It is then alleged that the bill to quiet title failed to allege that there was no suit pending to enforce or test the validity of the title, which allegation was necesary. Complainant further alleges that, after the bill was served on him, he delivered it to his attorneys, with instructions to answer it, and was informed that it had been answered, that soon after that he met one of the attorneys for complainant in the bill to quiet title, and informed him that he had a warranty deed for the land from Patton, and that the attorney stated that he supposed that there was nothing in the suit, and complainant heard nothing further about the matter until he found on the records of the probate office the copy of the decree rendered in the case of Patton against himself, dated September 16, 1910, declaring the title to be in Patton. It is then averred that at the time the bill to quiet title was filed by Patton he had no title or

interest in the land, and no possession of it, and had acquired no title by adverse posession or otherwise. By amendment it is alleged that the decree was obtained by fraud, in that Patton failed to allege in his bill that there was no suit pending to enforce or test the validity of the title, and, as this was a necessary averment, the failure to insert it was a fraud upon the court, and that therefore the decree should be declared null and void.

C. D. RITTER, for appellant. Leaving out the necessary averment to give the chancery court jurisdiction was a fraud on the court.—*Parker v. Boutwell,* 119 Ala. 197.

ALLEN & BELL, for appellee. Counsel discuss errors assigned but without citation of authority.

McCLELLAN, J.—This appeal is from the decree of March 13, 1912, sustaining appellee's demurrer to appellant's bill as last amended, originally exhibited July 17, 1911. The sole object of this bill appears to have been to impeach the decree of September 16, 1910, for fraud. It is not a bill of review, strictly.—*Ex parte Smith,* 34 Ala. 455. As last amended, the bill assumed to sustain its imputation of fraud by averring the omission of Patton, in his bill against Tribble, to allege that there was no suit pending to enforce or test the validity, etc., of Tribble's claim to the lot described in that bill. Obviously that was not fraud in any degree. The demurrer to the bill as last amended was properly sustained, since, upon its only theory, it was without equity.

The decree must be affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.